# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sebrintha Douglas, | ) | C/A No. 0:09-2432-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Sebrintha Douglas ("Douglas"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

On August 19, 2004, Douglas applied for SSI and DIB. Douglas's applications were denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on February 19, 2008 at which Douglas appeared and testified and was represented by Paul T. McChesney, Esquire. The ALJ issued a decision dated May 1, 2008 finding that Douglas was not disabled.

Douglas was thirty-one years old at the time of the ALJ's decision. She has a tenth-grade education with past relevant work experience as a cook, janitor, day laborer, packer, and security guard. (Tr. 141, 403.) Douglas initially alleged disability since May 27, 2002 due to a rectal injury

PJG

suffered during childbirth in October 1996 that resulted in problems related to fecal incontinence, but amended her onset date to November 1, 2006 at the hearing before the ALJ. (Tr. 140, 19, 21.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.

2. The claimant has not engaged in substantial gainful activity since November 1, 2006, the amended onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

* * *

3. The claimant has the following severe impairment: fecal incontinence secondary to abdominal injury and surgery (20 CFR 404.1520(c) and 416.920(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light to medium work as defined in 20 CFR 404.1567(c) and 416.967(c).

* * *

6. The claimant is capable of performing past relevant work as a cleaner. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

* * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 21-23.)

Douglas filed a request for Appeals Council review and submitted additional evidence in support of her claim. On August 6, 2009, the Appeals Council denied Douglas's request for review and concluded that none of the additional evidence provided a basis for changing the ALJ's decision,



making the decision of the ALJ the final action of the Commissioner.  (Tr. 7-9.)  Douglas filed this action on September 16, 2009.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972).  The regulations require the ALJ to consider, in sequence:

(1)     whether the claimant is engaged in substantial gainful activity;

(2)     whether the claimant has a "severe" impairment;

(3)     whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)     whether the claimant can perform [her] past relevant work; and

(5)     whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age,

education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Douglas raises the following issues for this judicial review:

I.      Did the ALJ perform the analysis of the treating and evaluating physician opinions required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p?

II.     Did the ALJ perform an analysis of Ms. Douglas' ability to perform her past relevant work that complies with the requirements of SSR 82-62, 20 C.F.R. § 404.1520, and Fourth Circuit precedent?

III.    Did the ALJ explain his findings regarding Ms. Douglas' residual functional capacity, as required by Social Security Ruling 96-8p?

IV.     Did the ALJ correctly assess Ms. Douglas' credibility?

(Pl.'s Br., ECF No. 12.)

## DISCUSSION

Douglas's issues turn on the ALJ's analysis at Step Four of the sequential evaluation. The court will commence its discussion with Douglas's arguments that the ALJ's findings as to Douglas's residual functional capacity ("RFC") fail to comply with Social Security Ruling ("SSR") 96-8p and that the ALJ's conclusion that Douglas could return to her past relevant work does not comply with applicable law.

## A.      SSR 96-8p

The ALJ concluded that Douglas retained the RFC "to perform light to medium work as defined in 20 CFR 404.1567(c) and 416.967(c)." (Tr. 22.) Douglas claims the ALJ's residual functional capacity assessment fails to explain how he arrived at Douglas's RFC as required by SSR 96-8p. Douglas also argues that the ALJ did not specify what "light to medium work" entails.

An RFC "is the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant

medical and other evidence." See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). SSR 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's RFC. See SSR 96-8p, 1996 WL 374184. The RFC assessment must be based on all of the relevant evidence in the record.[1] Id. The ALJ must address both the individual's exertional and nonexertional capacities. Id. at *5-6. Further, the assessment must include a narrative discussion describing how the evidence supports the ALJ's conclusion. Id. at *7.

The Commissioner concedes that the ALJ could have engaged in a more detailed discussion of Douglas's RFC, but argues that his failure to do so was harmless because the ALJ's decision is "sufficient to trace the path of the ALJ's reasoning and permit judicial review." (Def.'s Br. at 19, ECF No. 13 at 19.) The court disagrees. While an ALJ may not be required to specifically refer to every piece of evidence in the decision, here the ALJ's RFC determination is so vague that it does not satisfy the requirements of SSR 96-8p and is insufficient to permit meaningful review. Compare Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating that the ALJ is not required to specifically refer to every piece of evidence in the decision) with SSR 96-8p ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

---

[1] This evidence includes: medical history, medical signs and laboratory findings, the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication), reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment, evidence from attempts to work, need for a structured living environment, and work evaluations, if available. SSR 96-8p, 1996 WL 374184, *5.

PJG

Moreover, the court observes that the ALJ concluded that Douglas could "perform light to medium work as defined in 20 CFR 404.1567(c) and 416.967(c)." Subsection (c) of these regulations, which the ALJ specifically references, provides the definition for medium work.[2] The ALJ has not provided any support for his conclusion that Douglas could perform medium work. In fact, the state consultative opinions to which the ALJ gave significant weight opined only that Douglas could perform light work. (Tr. 304, 316.) Moreover, one of these consultants suggested that Douglas's RFC be further limited to include free access to the restroom. (Tr. 304.) Caselaw indicates that Douglas's incontinence may constitute a nonexertional limitation, requiring a restriction such as the one recommended by the consultant. See, e.g., Gonzalez v. Sullivan, 914 F.2d 1197, 1202 (9th Cir. 1990) (holding that the Secretary erred in failing to "explain how appellant's incontinence affects his ability to work or whether incontinence constitutes a nonexertional limitation in this case"); Haynes v. Heckler, 716 F.2d 483, 485 (8th Cir. 1983) (stating that colon discomfort and recurrent episodes of diarrhea are nonexertional limitations). However, the ALJ's opinion does not include any explanation as to why Douglas's incontinence—which the ALJ concluded was a severe impairment—did not result in any nonexertional limitation.

Based on the foregoing, the court finds that the ALJ's RFC assessment does not comply with SSR 96-8p, and the court cannot determine based on the record before it whether the ALJ's decision is supported by substantial evidence. Thus, remand is warranted on this issue.

---

[2] While the ALJ indicates, when considering whether she can perform her past relevant work, that he has "given [Douglas] the benefit of the doubt by limiting her to light exertion as outlined by the state medical consultants," this is inconsistent with his earlier RFC conclusion. (Tr. 23.)

## B.     Past Relevant Work

The ALJ rejected a portion of the opinion of Dr. George Blestel, Jr., Douglas's treating physician, and found that Douglas could return to her past relevant work as a cleaner. The record contains two statements from Dr. Blestel and Douglas's medical records. After summarizing Douglas's treatment, which included repairing the sphincter and rebuilding the wall between Douglas's vagina and rectum, Dr. Blestel stated:

> This was a fairly extensive reconstruction, and the external sphincter is now functioning to some extent. However, it is not functioning as well as a normal individual's would. And since a portion of the wall of the rectum was constructed from adjacent body tissue, and because of the extensive damage to the tissues of the anal canal, the nerve cells of the upper anal canal are not functioning normally, and she has difficulty sensing the arrival of stool. It is essential that she have this sensation if she is to avoid soiling herself every time stool arrives in her rectum. As a result, she is presently soiling herself rather extensively every time stool arrives.

(Tr. 322.) In the second statement, Dr. Blestel further indicated in 2008 that Douglas's condition had remained the same since 2006. Dr. Blestel opined that Douglas's condition is permanent and will not improve. Finally, he stated that Douglas "has made a great effort to work despite her impairment, but has not been able to maintain employment, because of her condition." (Tr. 360.)

The ALJ rested his determination that Douglas could return to her past relevant work as a house cleaner on essentially two bases. First, he expressly rejected Dr. Blestel's opinion that Douglas cannot maintain employment because of her condition[3] because the ALJ found that Douglas could work if she wore a different mode of protection against soiling herself. It is undisputed that

---

[3] The court observes that, as argued by the Commissioner, the regulations specifically provide that questions concerning whether a claimant is "disabled" or "unable to work" are reserved to the Commissioner and, therefore, the Commissioner need not provide any special significance to physician opinions on these issues. 20 C.F.R. §§ 404.1527(e), 416.927(e). However, the ALJ did not reject Dr. Blestel's opinion on that basis. Therefore, it appears that Dr. Blestel's opinion was construed as a medical opinion addressing the nature and severity of Douglas's impairments.



Douglas testified that she wore protective pads during the day instead of adult diapers because she was ashamed of her condition. The ALJ concluded that if Douglas wore adult diapers during the day it would reduce the time required to clean up after an accident based on the ALJ's finding that she would not require a full shower and change of clothing. No evidence in the record supports this conclusion. Douglas's testimony reveals that when she has an accident she has to clean herself up, which she does by taking a quick shower when at home and by changing clothes. Douglas estimated that this takes fifteen to twenty minutes. However, Douglas also testified that when she had an accident at work, she cleaned up with a wet tissue instead of a shower, which also took about fifteen minutes. (Tr. 420-21.) No testimony was elicited regarding the amount of time it takes Douglas to clean up after she has an accident while wearing adult diapers. The ALJ's assumption that wearing adult diapers would so significantly reduce Douglas's clean-up time that she would be able to work is unsupported by any evidence contained in the record. As such, it cannot justify rejection of the treating physician's opinion on the ground that the opinion was inconsistent with the evidence of record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (discussing the weight to be given to treating physician opinions and the circumstances in which they can be given less than controlling weight).

The ALJ also expressly rejected Dr. Blestel's opinion because of Douglas's "work activity," determining that Douglas had earned approximately $11,000 as a house cleaner in 2006, the year of her amended onset date, and also because Dr. Blestel had opined that her condition in 2008 had remained unchanged since 2006. The ALJ therefore concluded that Douglas could return to her past work as a housekeeper as it is generally performed.

A claimant who continues to work with her impairments for a period of time without any worsening of the condition is generally not entitled to benefits.  See Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990) (finding that a claimant who worked with impairments over a period of years without any worsening of his condition was not entitled to disability benefits); Cauthen v. Finch, 426 F.2d 891, 892 (4th Cir. 1970) (*per curiam*) (finding that a claimant was not disabled where she had long standing eye problems, worked regularly for years despite the problem, and had no significant deterioration); Deas v. Astrue, C/A No. 3:06-2058-GRA, 2008 WL 4177272 (D.S.C. Sept. 5, 2008) (unpublished) (discussing Dixon and Cauthen).  The parties do not dispute that the tax documents state that Douglas earned over $11,000 in 2006.  While Douglas may dispute the accuracy of these documents, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  Therefore, based on the evidence presented, the court cannot say that there is not substantial evidence in the record to support the ALJ's finding that Douglas earned approximately $11,000 in 2006.

Nonetheless, the ALJ erred in relying on this evidence to find that Douglas could return to her past relevant work in light of his contradictory finding that Douglas's 2006 work activity did not constitute substantial gainful activity.  "Past relevant work" is defined in the social security regulations as "work that you have done within the past 15 years, *that was substantial gainful activity*, and that lasted long enough for you to learn to do it."  20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) (emphasis added).  In this case, the ALJ specifically found that Douglas's work activity as a house cleaner in 2006 "did not rise to the level of [substantial gainful activity]."  (Tr. 23.)  Therefore, it was error for the ALJ to consider Douglas's work in 2006 as past relevant work

and determine that she was not disabled based on his conclusion that she could return to this work.[4]

See 20 C.F.R. §§ 404.1560(b)(1); 416.960(b)(1); see also Connolly v. Bowen, 1989 WL 79726, *3 (4th Cir. 1989) (Table) (holding "that in order to be classified as past relevant work, for the purpose of determining disability, the work must have been substantial gainful activity"). Therefore, remand of this issue is required.[5]

## RECOMMENDATION

The ALJ erred in finding that Douglas could return to her past relevant work as a cleaner in light of his findings that her 2006 earnings did not constitute substantial gainful activity. Further, the reasons given by the ALJ for discounting Dr. Blestel's opinion are either unsupported by the record or contrary to applicable law. Moreover, the ALJ's conclusion that Douglas could perform light to medium work with no restrictions is unsupported by substantial evidence. Accordingly, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 27, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] Due to the ALJ's express reliance on the fact that Douglas's condition had not changed since 2006, the court is unpersuaded by the Commissioner's argument that this error was harmless because Douglas had previously worked as a cleaner in 2001 and 2002 for Prime Outlet Malls.

[5] Douglas also argues that the ALJ failed to provide any rationale for rejecting her credibility. The court agrees. See SSR 96-7p. Simply citing the test regarding credibility without providing any discussion concerning its application is insufficient. Moreover, even if the reasons provided for rejecting Dr. Blestel's opinion were also intended to be the reasons for discounting Douglas's credibility, the court finds that in reconsidering Douglas's RFC assessment, the ALJ should also reconsider Douglas's credibility.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).