**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Sebrintha Douglas, ) | C/A No. 0:09-2432-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Through this action, Plaintiff challenged the Commissioner's denial of Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). On September 17, 2010, this court adopted and incorporated the Report and Recommendation of Magistrate Judge Paige J. Gossett reversing the decision of the Commissioner and remanding the claim to the Commissioner for further proceedings. Dkt. No. 23. The matter is now before the court on Plaintiff's petition for attorneys' fees pursuant to the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412. Dkt. No. 25.

Plaintiff seeks $5,816.28, representing 30.75 hours of attorneys' services at the rate of $176.25 per hour and 4.5 hours of paralegal services at the rate of $88.13 per hour.[1] Dkt. No. 25-1. Plaintiff asks that the fees be paid to Plaintiff's counsel pursuant to a fee agreement. Defendant does not oppose Plaintiff's fee request but asks that the EAJA award be made payable to Plaintiff, not

---

[1] Plaintiff's memorandum states that "Plaintiff respectfully requests that the Court grant EAJA fees in the amount of $5,816.28, representing 30.75 attorney hours at the rate of $16.25 per hour." Dkt. No. 25-1 at 4-5. From the attached affidavits, it is clear that there is a typographical error in the rate requested. In addition, it appears that the 4.5 hours of paralegal work were inadvertently left out of the calculation.

1

Plaintiff's counsel. For the reasons set forth below, the court grants Plaintiff's motion in part, awarding attorneys' fees in the amount of $5,816.28 but directs that the fees be paid to Plaintiff, not Plaintiff's counsel.

### STANDARD

Under the EAJA, a court shall award reasonable attorneys' fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010).[2] The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993). The district court has broad discretion to set the attorney-fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r v. Jean*, 496 U.S. 154, 163 (1990).

---

[2] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

## DISCUSSION

As stated above, Defendant's sole objection is to the request that the fee award be paid directly to Plaintiff's counsel. Plaintiff argues that fees should be paid directly to Plaintiff's counsel because Plaintiff signed a fee agreement that assigns all fees awarded to her attorney. Dkt. No. 25. However, the court agrees with Defendant that the fees must be made payable directly to Plaintiff.

In *Astrue v. Ratliff*, the Supreme Court held that the EAJA requires attorneys' fees be awarded directly to the litigant. 130 S. Ct. 2521, 2524 (2010) (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys via contract. However, the court is concerned that such contracts would constitute an end-run around the plain text of the EAJA as interpreted in both cases. *Cf. Brown v. Astrue*, 271 Fed. Appx. 741, 743 (10th Cir. 2008) (stating, in *dicta*, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party . . . ."); *Washington v. Astrue*, 2010 WL 3023028, slip op. at *5 (D.S.C. July 29, 2010) (holding that EAJA fees are payable to plaintiff even where plaintiff has attached an affidavit assigning his rights in the fees award to counsel) (citing *Hall v. Astrue*, 2008 WL 905218, at *1 (10th Cir. 2008)). Thus, absent legal authority to the contrary, the court concludes that attorneys' fees in the present case must be awarded to Plaintiff, not her attorney.[3]

Additionally, in the event past due benefits are awarded on remand, Plaintiff requests that the court direct that she be given 60 days after being served with notice of the past due benefits to

---

[3] This ruling is consistent with the court's previous ruling in *Holmes v. Astrue*, No. 3:08-1829-CMC-JRM, 2010 WL 3220085 (D.S.C. Aug. 12, 2010).

3

file for fees under 42 U.S.C. § 406(b). Dkt. No. 25. As the Defendant correctly points out, the court's rules provide the relief Plaintiff requests. *See* Local Civil Rule 83.VII.07(A) (a petition for attorneys' fees to be paid from past accrued Social Security benefits may be filed within 60 days after issuance of a notice of award). Thus, a court order is unnecessary.

## CONCLUSION

For the reasons set forth above, the court grants Plaintiff's motion in part and denies it in part. The court awards Plaintiff $5,816.28 in attorneys' fees and directs that those fees be made payable directly to Plaintiff, not Plaintiff's counsel.

**IT IS SO ORDERED.**

 s/ Cameron McGowan Currie
 CAMERON MCGOWAN CURRIE
 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 5, 2011